**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NATHAN PAUL CURRAN-MCQUADE | No. 1:25-cr-00005-JAW |

**PROSECUTION VERSION OF THE OFFENSE**

With respect to Count One of the Information, on about September 30, 2024, in the District of Maine, the Defendant, Nathan Paul Curran-McQuade, did intentionally and knowingly import into the United States from Canada, a place outside the United States, a mixture and substance containing methamphetamine, a controlled substance, in violation of Title 21, United States Code, Section 952(a).

With respect to Count Two of the Information, on about September 30, 2024, in the District of Maine, the Defendant, Nathan Paul Curran-McQuade, an alien, did knowingly and unlawfully enter into the United States in Aroostook County, in the State and District of Maine, from the country of Canada, at a place not designated by immigration officers as a lawful Port of Entry of the United States for the entrance of immigrants into the United States, in violation of Title 8, United States Code, Section 1325(a)(1).

In this regard, on September 30, 2024, at approximately 7:37 a.m., U.S. Border Patrol ("USBP") agents at the Van Buren station were dispatched to look for an individual who was traveling on an all-terrain vehicle (ATV) on an ATV trail near the international boundary between the United States and Canada. In response, USBP agents attempted

to locate the individual. This ATV trail travels from the international boundary with Canada to Parent's Store in Caswell, Maine. There is a sign on the trail that states: "United States Boundary" and "Do Not Enter."

A few minutes after the report, at about 7:43 a.m., USBP agent Jonathan Scheibler located the Defendant, Nathan Paul Curran-McQuade, driving an ATV on the ATV trail in Caswell, Maine. The Defendant was wearing a black backpack and said he had just come from Grand Falls in Canada. The Defendant had an identification card on him identifying himself as a resident of Grand Falls, New Brunswick, Canada. He also had a small trailer attached to his ATV with tools in it. The Defendant was ultimately administratively detained by USBP agents. The Defendant, a Canadian citizen, did not have legal status to enter or remain in the United States, and he entered the United States at a place not designated as a lawful Port of Entry of the United States.

Prior to being transported to the USBP station, agent Scheibler searched the Defendant and found approximately 18.9 grams (gross weight) of suspected methamphetamine in his pants pocket. USBP agents also found marijuana and other items in the Defendant's backpack. The suspected methamphetamine was sent to the U.S. Customs and Border Protection laboratory in New Jersey, where it was found to weigh approximately 13.869 grams (net weight). Further, the laboratory found that it contained methamphetamine and was 76.9% pure ($^+/_-$ 6.7%).

After detaining him, USBP agents read the Defendant his *Miranda* rights and interviewed him. During this recorded interview, the Defendant admitted that he was travelling on his ATV to Parent's Store in Caswell, Maine, to get gasoline. The Defendant admitted knowing that the store was in the United States and essentially said: "that's where I went, uh, and I should know because I'm not allowed in, cause I got

uh, I'm not supposed to be in the States, I guess." The Defendant admitted that he lives in Grand Falls, New Brunswick, Canada, with his grandmother. The Defendant admitted seeing the international boundary signs while driving down the ATV trail.

Also, the Defendant said that the ATV, trailer, and everything on it was his. The Defendant admitted that he had marijuana in a mason jar in his backpack and that it was "meth" that the agent found in his pocket. The Defendant said everything found on him was for personal use and he had the methamphetamine and marijuana with him essentially because he was afraid someone would steal it from his house.

Had this case proceeded to trial, the Government would have offered the testimony of the USBP agents involved in the investigation and the specific events described above. Additionally, the Government would have introduced in evidence the recorded interview of the Defendant and photographs taken of the incident, including surveillance photographs of the Defendant traveling on the ATV near the United States-Canada boundary, and photographs of the seized contraband. The Government would have also offered the testimony of a certified chemist/analyst concerning the results of the laboratory analysis on the drugs. The evidence would have been sufficient to prove beyond a reasonable doubt the charges contained in the Information.

Dated: January 13, 2025                    /s/ *Alisa Ross*
                                           Alisa Ross
                                           Assistant U.S. Attorney

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025, I electronically filed the Government's Prosecution Version of the Offense with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

Charles W. Hodsdon, Esq.
Counsel for the Defendant

          DARCIE N. MCELWEE
          United States Attorney

BY: **/s/ Alisa Ross**
     Alisa Ross
     Assistant U.S. Attorney
     United States Attorney's Office
     202 Harlow Street, Suite 111
     Bangor, ME 04401
     (207) 945-0373
     Alisa.Ross@usdoj.gov